FILED

2018 MAR 14 AM 9: 0

CLERK, US DISTRICT COU
MIDDLE DISTRICT OF FLO
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | 8:18cv614T30 AEP |
| v. ) | |
| ) | |
| PATRICIA HOUGH, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, the United States of America, with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States, brings this action to reduce to judgment outstanding civil penalties (31 U.S.C. § 5321(a)(5)), commonly known as FBAR penalties, which were assessed against Patricia Hough, for her failure to timely report her financial interest in, and/or her signatory or other authority over, foreign bank accounts for the 2008 calendar year, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as associated penalties and interest. In support of this action, the United States alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).
2. At all times relevant to the matters of this case, Patricia Hough was a United States citizen and remains a United States citizen.
3. Hough is currently a resident of Sarasota, Florida.
4. Venue is proper under 28 U.S.C. § 1391.

**Background Regarding Patricia Hough**

5. On October 25, 2013, a federal jury found Hough guilty of one count of conspiracy to defraud the United States, under 18 U.S.C. § 371, and three counts of filing a false tax return, under 18 U.S.C. § 7206(1).

6. The jury found that Hough willfully made and signed her 2008 federal income tax return, which she did not believe to be true and correct as to every material matter.

7. Among the jury's specific findings, the jury found that Hough willfully failed to report that she had a financial interest in or signature authority over financial accounts located in foreign countries on Schedule B, Parts I and II, Lines 7a and 7b, of her 2008 federal individual income tax return.

**Background Regarding Patricia Hough's Interest in Foreign Accounts**

8. Hough failed to disclose 8 foreign bank accounts, that she either had a financial interest in or signature authority over, on her 2008 tax return.

9. Hough and her husband, David Leon Frederick, created several offshore entities as part of a plan to conceal the income they received from offshore medical schools. The names of the entities Hough and her husband used to hold her 8 foreign undisclosed bank accounts are: Ample Dynamic Trading, Inc.; Top Fast Finance Ltd.; New Vanguard Holdings Ltd.; and the Saba School of Medicine Foundation.

10. Of the 8 foreign accounts Hough failed to disclose, 2 were with Liechtensteinische Landesbank, including:

    a. An account with a number ending in 6478, which listed New Vanguard Holdings, Ltd as the contracting partner and Hough and her husband as the beneficial owner; and

2

b. An account with a number ending in 8452, which listed Top Fast Finance Ltd. as the contracting partner and Hough and her husband as the beneficial owners.

11. Of the 8 foreign accounts Hough failed to disclose, 2 were with Fortis Banque S.A. in Switzerland, including:

   a. An account with a number ending in 0438, which listed New Vanguard Holdings Ltd. as the contracting partner and Hough and her husband as the beneficial owners; and

   b. An account with a number ending in 0439, which listed Top Fast Finance Ltd. as the contracting partner and Hough and her husband as the beneficial owners.

12. Of the 8 foreign accounts Hough failed to disclose, 4 were with UBS, AG in Switzerland, including:

   a. An account with a number ending in 8833, which listed New Vanguard Holdings Ltd. as the contracting partner and Hough and her husband as the beneficial owners;

   b. An account with a number ending in 3443, which listed Top Fast Finance Ltd. as the contracting partner and Hough and her husband as the beneficial owners;

   c. An account with a number ending in 7617, which listed Ample Dynamic Trading, Inc. as the contracting partner and Hough and her husband as the beneficial owners; and

   d. An account with a number ending in 2245, which listed the Saba School of Medicine Foundation as the contracting partner and Hough and her husband as the beneficial owners and authorized signatories.

13. Hough intentionally failed to disclose the existence of the accounts identified in paragraphs 10 through 12, above, on her 2008 U.S. federal individual income tax return.

14. Hough signed her 2008 U.S. federal individual income tax return under penalties of perjury and failed to report any income from the accounts identified in paragraphs 10 through 12, above, and on Schedule B of such return reported that she had no interest in, nor any authority over, any foreign financial accounts.

**Claim for Relief: Judgment for Civil Penalty (31 U.S.C. § 5321(a)(5))**

*Liability for the Civil Penalty for 2008*

15. The United States incorporates the allegations in paragraphs 1 through 14 as if fully set forth herein.

16. Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

17. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as "FBAR." 31 C.F.R. § 1010.350(a). At the time of the violations alleged in this complaint, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

18. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for willful failure to comply with the reporting requirements of Section 5314 — *i.e.*, when the person maintaining the foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the willful failure to report

4

the existence of an account, the maximum penalty that may be assessed is 50% of the balance of the account at the time of the violation or $100,000, whichever is greater.

19. Throughout calendar year 2008, Hough was a United States citizen.

20. During calendar year 2008, the maximum account balance in the accounts identified in paragraphs 10 through 12, above, exceeded $10,000.

21. The accounts identified in paragraphs 10 through 12, above, were bank accounts in a foreign country.

22. Throughout calendar year 2008, Hough had ownership interests in, and authority over, the accounts identified in paragraphs 10 through 12, above, within the meaning of 31 C.F.R. § 103.24.

23. Throughout calendar year 2008, Hough was aware of her interest in the accounts identified in paragraphs 10 through 12, above.

24. Hough failed to timely file an FBAR for the year 2008 disclosing her ownership interests in and signature authority over the foreign accounts identified in paragraphs 10 through 12.

25. Hough's failure to timely file an FBAR with regard to the 2008 calendar year was willful within the meaning of 31 U.S.C. § 5321(a)(5).

### Assessment and Collection of the Civil Penalty for 2008

26. On March 29, 2016, in accordance with 31 U.S.C. § 5321(a)(5)(C)(i), a delegate of the Secretary of the Treasury assessed a civil penalty against Hough, in the amount of $9,552,985.50, due to Hough's willful failure to disclose the accounts identified in paragraphs 10 through 12, above ("2008 FBAR Penalty").

27. While the statute of limitations for assessing the 2008 FBAR Penalty would normally have been June 30, 2015, on May 15, 2015, Hough agreed to extend the statute of limitations for assessing the 2008 FBAR Penalty to December 31, 2016. The assessment of the 2008 FBAR Penalty was timely.

28. This assessment is the total amount of FBAR penalties assessed against Hough for her failure to disclose the 8 foreign accounts.

| Foreign Bank | Account No. | High Account Balance in 2008 | Penalty Amount |
| --- | --- | --- | --- |
| Liechtensteinische | 6478 | $20,567,047 | $8,938,098.50 |
| Liechtensteinische | 8452 | $6,511,646 | $100,000 |
| Fortis Banque | 0438 | $36,929,808 | $100,000 |
| Fortis Banque | 0439 | $1,132,223 | $100,000 |
| UBS | 7617 | $148,865 | $14,887 |
| UBS | 3443 | $7,249,493 | $100,000 |
| UBS | 8833 | $15,896,904 | $100,000 |
| UBS | 2245 | $3,935,255 | $100,000 |

29. The $8,938,098 penalty for the foreign bank account number ending in 6478 is based upon 50% of the account's balance on June 30, 2009: $17,876,197.

30. A delegate of the Secretary of the Treasury sent Hough notice of the assessment of the 2008 FBAR Penalty and demand for payment.

**Additional Amounts Due and Owing to the United States**

31. In addition to the assessed 2008 FBAR Penalty, Hough owes a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $496,391.02, as of February 9, 2017.

32. In addition to the 2008 FBAR Penalty and the late payment penalty described in the previous paragraph, Hough owes accrued interest in the amount of $772,168.68 as of March 5, 2018.

33. Hough is liable to the United States of America for the 2008 FBAR Penalty, as well as associated penalties and interest, in the total amount of $10,821,545.20 as of March 5, 2018, plus statutory accruals from that date until the liability is paid in full.

WHEREFORE, the plaintiff United States of America demands that this Court:

a. Enter judgment in favor of the plaintiff United States of America and against defendant Patricia Hough, for the FBAR penalty assessed against Patricia Hough with regard to the 2008 reporting period, as well as associated penalties and interest, in the total amount of $10,821,545.20 as of March 5, 2018, plus statutory accruals from that date until fully paid; and,

b. Award the United States of America its costs, and such further relief as the Court deems just and proper.

Date Submitted:  March 9, 2108

                                      RICHARD E. ZUCKERMAN
                                      Principal Deputy Assistant Attorney General

*/s/ Steven C. Woodliff*

STEVEN C. WOODLIFF
Florida Bar No. 85593
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C.  20044
202-514-5915 (v)
202-514-4963 (f)
Steven.C.Woodliff@usdoj.gov

Of Counsel:

MARIA CHAPA LOPEZ
United States Attorney

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law.

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
County of Residence: Outside This District

**Defendant(s):**
First Listed Defendant:
Patricia Hough ;
County of Residence: Outside This District

**County Where Claim For Relief Arose:** Sarasota County

**Plaintiff's Attorney(s):**
Trial Attorney Steven Woodliff ( United States of America)
United States of America, Department of Justice
P.O. Box 14198
Washington, DC 20044
Phone: 2025145915
Fax:
Email: steven.c.woodliff@usdoj.gov

**Defendant's Attorney(s):**
Nathan Hochman (Patricia Hough)
Morgan, Lewis & Bockius
1601 Cloverfield Blvd. Suite 2050 North
Santa Monica, California 90404
Phone: 310-255-9025
Fax:
Email:

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
　**Plaintiff:** N/A
　**Defendant:** N/A

**Origin:** 1. Original Proceeding

**Nature of Suit:** 690 All Other Forfeiture and Penalty Actions
**Cause of Action:** 31 U.S.C. § 5314, suit to reduce civil penalty to judgment
**Requested in Complaint**
　**Class Action:** Not filed as a Class Action
　**Monetary Demand (in Thousands):** 10,821,545.20
　**Jury Demand:** No
　**Related Cases:** RELATED to case number 2:13-cr-72, assigned to Judge John E. Steele

FILED 2018 MAR 14 AM 9:06 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA, FLORIDA

**Signature:** Steven C. Woodliff

**Date:** March 9, 2018